REED *versus* THE BRASHERS.

QUESTION IN THIS CASE.

*Relative to bonds, required in an action of detinue.*

1. A bond given by a plaintiff in detinue, under the statute of 1830,* *after* the levy by the sheriff, is good, on demurrer, as a common law bond: and the court will not presume that a previous bond, in strict compliance with the statute, had been given to the clerk.

2. Had such previous bond been executed, it might have been pleaded.

This was an action of debt, prosecuted in Shelby Circuit Court, By James B. Reed, against the defendants in error, the obligors of a bond, executed under the statute of 1830, in detinue. In the action commenced by Thomas H. Brasher, one of the defendants, against Reed, this bond had been given, and Samuel Brasher was the surety. The bond was written, as follows, to wit:

"The State of Alabama, Shelby County. Know all men, by these presents, that we, Thomas H. Brasher and Samuel Brasher, are held and firmly bound, unto James B. Reed, in the penal sum of five hundred dollars, to the payment of which well and truly to be made, we bind ourselves, our heirs, executors and assigns, firmly by these presents, sealed with our seals, and dated this 13th February, 1832. The condition of the above obligation is such, that where-

---

*Aiken's Digest, page 263, §30.

REED *vs.* THE BRASHERS.

as the said above bound Thomas H. Brasher, has commenced an action in the Circuit Court of Shelby County, against James B. Reed, for a certain negro girl, by the name of Eliza ; *and the sheriff of Shelby county having said negro girl in possession, by virtue of said action;* and the said Thomas H. Brasher being desirous to give bond and security, in pursuance of the statute in such cases made and provided ; that he will, in case he fail in his said action, pay and satisfy unto the said James B. Reed, all such costs and damages he may sustain, in case he, (said Brasher,) shall fail in his said action in that case— then this obligation to be void, else, to remain full in force and effect.

" Signed," &c.

The defendants craved oyer, and demurred ; and the Court below sustained the demurrer, and rendered judgment for the defendants.

Reed, by writ of error, removed the case into this Court.

Mr. *P. Parsons,* and Mr. *Ellis* and Mr. *Peck,* for the plaintiff in error ; Mr. *Mardis,* for the defendants.

HITCHCOCK, C. J.—This was an action of debt, on a penal bond, given by the defendants, to the plaintiff in error. The defendants below craved oyer of the bond and condition, which are set out, in the record ; and upon oyer, demurred : judgment was rendered in favor of the demurrer, by the Circuit Court of Shelby County—and the case is brought here, by writ of error.

The penal part of the bond, is in the usual form: the condition recites, That Thomas H. Brasher had

commenced an action against the plaintiff in error, in the Circuit Court of Shelby County, for a certain negro girl, named Eliza; and that *the sheriff of said County having said girl in possession, by virtue of said action,* and the said Thomas H. Brasher, being desirous to give bond and security, in pursuance of the statute, in such case made and provided, that he will, in case he fails in his said suit, pay and satisfy unto the said James B. Reed, all such costs and damages, as he may sustain, in case he, (said Brasher,) shall fail in said action in that case; then this obligation to be void—else, to remain in full force and effect "

The statute, in cases of detinue, authorises the plaintiffs, upon making oath, to the property sued for, and upon giving bond and security, to be approved by the clerk, conditioned to pay the defendant all such costs and damages as the defendant may sustain, in case the plaintiff fail: to require the clerk to direct the sheriff to attach and hold the property sued for, subject to other proceedings directed by the statute.

It is contended, by the defendants' counsel, that this bond is void, it not having been taken before the levy by the sheriff; that the legal presumption is, that a proper bond had been taken by the clerk, else the sheriff would not have attached the property.

It is the opinion of the Court, that the bond is good, as a common law bond. The condition by which the defendants are bound, requires no more than the statute does: there is no stipulation contrary to the statute, or inconsistent with its require ments; and that, therefore, the defendants are estopped from denying their liability, by reason of their negligence, in not giving the bond at the proper time,

· If, as is suggested in argument, another bond in compliance with the statute, had been given before this, and upon which they are still liable, that fact should have been pleaded.

Let the judgment be reversed and the cause remanded.